## UNITED STATES DISCTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JOSHUA W. G.,**[1]

      **Plaintiff,**

                              **Case No. 2:25-cv-199**

  **v.**

                              **JUDGE DOUGLAS R. COLE**
                              **Magistrate Judge Bowman**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## OPINION AND ORDER

The Magistrate Judge's February 12, 2026, Report & Recommendation (R&R, Doc. 13, #906) advises this Court to affirm the Commissioner of Social Security's decision denying Plaintiff social security disability benefits. Plaintiff has since objected. (Doc. 14). But for the reasons below, the Court **OVERRULES** those objections, **ADOPTS** the R&R (Doc. 13), and **AFFIRMS** the Commissioner's decision.

## BACKGROUND

Under the Social Security Act, individuals who suffer from a disability "shall be entitled to a disability insurance benefit." 42 U.S.C. § 423(a)(1). The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.*

---

[1] Due to privacy concerns, this Court refers to social security claimants only by their first names and last initials. *See* S.D. Ohio General Order 22-01.

§ 423(d)(1)(A). By regulation, the SSA developed a five-step analysis to assess whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). If the SSA determines that an otherwise qualified individual, like Plaintiff, is disabled based on that analysis, it will provide benefits to that individual for as long as they are under a disability. *See* 42 U.S.C. § 423(a)(1).

Plaintiff applied for social security disability benefits in April 2018. (Doc. 13, #895). The state agency denied his claim first in October of that year, and then on reconsideration in December 2018. (*Id.*, Doc. 9-4, #190). At Plaintiff's request, the Administrative Law Judge conducted a telephonic hearing on May 26, 2021. (Doc. 9-3, #157). After that hearing, the ALJ likewise denied the application, finding that Plaintiff "has not been under a disability within the meaning of the Social Security Act since April 13, 2018, the date the application was filed." (*Id.*).

Plaintiff appealed the decision of the ALJ, and in August 2022, the SSA Appeals Council remanded Plaintiff's case to the ALJ for further consideration. (Doc. 13, #895). In December 2023, a new ALJ issued a decision once again denying Plaintiff's application, based on her determination that Plaintiff was not disabled as defined in the Act. (*Id.* at #895–96). Specifically, in weighing the opinions of three medical experts and the record evidence, the ALJ found that the Plaintiff's residual functional capacity (RFC) permits him to "carry out simple instructions and tasks in a routine environment … [with] no production based quotas … occasional interaction with coworkers and supervisors, and no interaction with the public." (Doc. 9-2, #53). Based on that RFC, the ALJ further concluded that "claimant is capable of making a

2

successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at #60). The ALJ offered as examples, floor waxer, wall cleaner, or hospital cleaner. (*Id.*). The Commission adopted the ALJ's decision as its final decision. (*Id.* at #31).

Plaintiff, who proceeds with counsel and in forma pauperis, then appealed that to this Court. (Doc. 1). In his appeal, Plaintiff raises three main challenges to the ALJ's decision: (1) "[t]he [ALJ] improperly evaluated the evidence of record"; (2) the improper evaluation of the evidence "resulted in an improper [RFC] determination"; (3) "[t]he [ALJ's] finding that Plaintiff could perform work existing in significant numbers is not supported by substantial evidence on the record as a whole." (Doc. 1-2, #6).

After considering Plaintiff's arguments, the Magistrate Judge issued an R&R advising the Court to affirm the ALJ's written decision (which the Court also refers to as the Commissioner's decision). (Doc. 13, #906). Specifically, the R&R concluded that the Commissioner's decision is supported by substantial evidence. (*Id.*). The Magistrate Judge then gave the parties 14 days to lodge specific objections to the R&R. (*Id.* at #907). Plaintiff timely objected, (Doc. 14), and the Commissioner responded, (Doc. 15), so the matter is ripe for review.

## LEGAL STANDARD

The Court is reviewing an R&R addressing the Commissioner's decision. So two overlapping legal standards govern that review: (1) the standard for reviewing

3

objections to the R&R; and (2) the standard for reviewing the Commissioner's decision.

If a party objects to an R&R within the allotted time, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b). But the de novo review requirement applies "only to any portion to which a *proper* objection was made." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023) (emphasis added and internal quotation marks omitted) (citation omitted). In response to such an objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

But "[o]nly specific objections are entitled to de novo review under … 28 U.S.C. § 636." *Wischer ex rel. Ernst v. Comm'r of Soc. Sec.*, No. 1:13-cv-810, 2015 WL 1107543, at *1 (S.D. Ohio Mar. 11, 2015) (citations omitted). By contrast, if a party makes a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue in the R&R to which he objects with sufficient clarity for the Court to identify it, or else the litigant waives the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Sixth Circuit has also explained the reason underlying this specificity requirement:

4

> [t]he district court's attention is not focused on any specific issues for review [when a party generally objects to an R&R], thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of [28 U.S.C. § 636].

*Howard*, 932 F.2d at 509. Each objection to an R&R should thus "include how the [Magistrate Judge's] analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." *Wischer*, 2015 WL 1107543, at *1 (citation omitted). "Merely restating arguments previously presented, merely stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge." *Id.* (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Beyond that, here the Court is reviewing a decision from the Social Security Commission. That puts another gloss on the standard of review. Even as to properly lodged objections that trigger de novo review, "[j]udicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry." *Wischer*, 2015 WL 1107543, at *2 (citations omitted). First, the Court must decide whether "substantial evidence" supports the Commissioner's decision. *Rogers*

*v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). Substantial evidence "is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). If substantial evidence supports the decision, the Court must "defer[] to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation and internal quotation marks omitted).

Second, the Court must determine whether the Commissioner's decision "was made pursuant to proper legal standards." *Rogers*, 486 F.3d at 241 (citations omitted). If not, the Commissioner's decision cannot be upheld, even if it is supported by substantial evidence. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citations omitted).

Putting all that together, when a party specifically objects, this Court reviews that portion of the R&R de novo to assess whether the Magistrate Judge correctly determined that (1) substantial evidence supported the ALJ's decision, and (2) the ALJ's decision applied the correct legal standards (including the SSA's own regulations). But when a party only generally objects or fails to object, this Court reviews the Magistrate Judge's findings and recommendations solely for clear error.

## LAW AND ANALYSIS

For Social Security disability benefits, a disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). By regulation, the SSA developed a five-step analysis to tell whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). As relevant here, a claimant may not be gainfully employed and must have one or more severe, medically determinable, physical or mental impairments. *See id.* The SSA considers some impairments, listed in a regulatory appendix, as so severe they automatically entitle a claimant to benefits. *See id.*

If, as here, the list does not contain the claimant's impairment or its equivalent, the SSA then considers whether the claimant can still work. *See id.* That is, the SSA assesses the claimant's "residual functional capacity," or RFC, often relying on medical and vocational experts to assist in that determination. *See id.* Then, based on the claimant's RFC, age, education, and work experience, the SSA asks whether the claimant can either continue performing the work they had done before, or perform some different job or jobs that exist in significant numbers in the national economy. *See id.* If the claimant falls into either bucket, the SSA will find the claimant not disabled. *See id.* Otherwise, the claimant is disabled. *See id.*

In this appeal, Plaintiff challenges the ALJ's conclusion he can perform a "full range of work" with restrictions, and that "Plaintiff could perform jobs that exist in significant numbers ... such jobs as floor cleaner, wall cleaner, hospital cleaner." (Doc. 13, #896). Specifically, he objects that the ALJ miscalculated his RFC as it pertains to his mental limitations because the ALJ rejected medical opinions from three

medical experts, and that the R&R thus erred in approving the ALJ's decision. The Court disagrees.

According to Plaintiff, the R&R erred by affirming the ALJ's decision, as that decision rejected "numerous medical opinions that all documented greater functional restrictions than what the ALJ determined in the [RFC analysis]." (Doc. 14, #909). Plaintiff acknowledges that the "ALJ has a zone of choice" in determining a claimant's RFC, but says that here, "the ALJ exceeded those limits." (*Id.*)

The Court notes one problem with that argument right off the bat. Plaintiff directs this objection *to the ALJ's decision* rather than identifying any error in the Magistrate Judge's analysis of the argument. (Doc. 14, #911). Regarding the Magistrate Judge's analysis of this argument, the Plaintiff himself admits he could understand "why the Magistrate Judge could come to such a conclusion." (*Id.* at #910). The Plaintiff further admits that "the record does contain evidence that could cut both ways." (*Id.* at #911).

As such, the argument fails in two ways. First, it is a general objection that does not trigger de novo review. *Howard*, 932 F.2d at 509. In formulating this objection, the Plaintiff has merely restated the argument that he presented to the Magistrate Judge on appeal and disagreed with the Magistrate Judge's suggested resolution of that issue. (*Compare* Doc. 1-2, #6 ("The [ALJ] improperly evaluated the evidence of record."), *with* Doc. 14, #909–11 (reiterating Plaintiff's evidentiary argument while insisting that "[Plaintiff] is not asking the Court to reweigh the evidence"))).

Second, the Plaintiff's acknowledgement that the record evidence before the ALJ "could cut both ways" dooms his argument given the deferential standard of review that courts apply to SSA decisions. That is, as a general matter, when the evidence "cuts both ways," it perforce provides at least substantial evidence in support of the ALJ's outcome, meaning that a court lacks authority to overturn that determination. Or at the very least, the Magistrate Judge's rejection of Plaintiff's argument on that front does not constitute clear error, which is the standard that the Court applies given Plaintiff's failure to offer a proper objection. To the contrary, the R&R offers sound reasoning for rejecting the argument and determining that substantial evidence supports the ALJ's conclusion. (Doc. 13, #905–06). So, the Court overrules this objection and adopts the R&R.

## CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's Objection (Doc. 14), **ADOPTS** the R&R (Doc. 13), and **AFFIRMS** the Commissioner's decision. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter from the docket.

**SO ORDERED.**

April 22, 2026
 **DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

9